United States v. Tapia

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of March, two thousand twenty.

Present:  DENNIS JACOBS,
          ROSEMARY S. POOLER,
                    *Circuit Judges*.
          BRENDA K. SANNES,[1]
                    *District Judge*.

_____

UNITED STATES OF AMERICA,

                              *Appellee*,

              v.                                        19-61

YESENIA NUNEZ TAPIA,

                              *Defendant-Appellant*.

_____

Appearing for Appellant:     Jeremy F. Orden, New York, N.Y.

Appearing for Appellee:      Temidayo Aganga-Williams (Kevin Trowel, *on the brief*),
                             Assistant United States Attorneys, *for* Richard P. Donoghue,

---

[1] Judge Brenda K. Sannes, United States District Court for the Northern District of New York, sitting by designation.

United States Attorney, Eastern District Of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Hall, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Yesenia Nunez Tapia appeals from the judgment of conviction entered on January 3, 2019, in the United States District Court for the Eastern District of New York (Hall, *J.*), following Tapia's conviction by jury trial for importation of cocaine, in violation of 21 U.S.C. §§ 952(a) and 960(b)(3), and possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Tapia challenges several evidentiary decisions of the district court, including the preclusion of the testimony of Tapia's brother, Julian Nunez, and of various text messages between Tapia and an individual referred to as "Maguibe." We review the evidentiary rulings of the district court for abuse of discretion. *United States v. Cummings*, 858 F.3d 763, 771 (2d Cir. 2017). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." *Id.*

We conclude that the district court did not abuse its discretion in precluding the testimony of Nunez about the first bottle of mamajuana. For extrinsic "other act" evidence to be relevant under the Federal Rules of Evidence, "the evidence must be sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the state of mind inference advocated by the proponent of the evidence." *United States v. Curley*, 639 F.3d 50, 57 (2d Cir. 2011) (internal quotation marks and brackets omitted). Here, Tapia contends that Nunez's testimony would have corroborated her testimony that Maguibe previously gifted her a bottle of mamajuana without drugs in it, and that Tapia subsequently communicated with an individual referred to as "Maguibe Amigo" about the transport of Maguibe's gift. The circumstances of the first bottle of mamajuana were substantially different from those of the second bottle, the only bottle at issue: they were transported by different people, at different times, and intended for different recipients. The evidence was therefore "not sufficiently similar to the charged conduct" to be relevant for consideration at trial. *Id.* (internal quotation marks omitted).

Nor did the district court abuse its discretion in precluding questioning about sexually explicit text messages between Tapia and Maguibe. Tapia testified in detail as to her romantic relationship with Maguibe. The district court therefore did not abuse its discretion in concluding that questioning about the text messages was needlessly cumulative, and thus inadmissible under Federal Rule of Evidence 403.

Tapia also contends on appeal that the district court violated the Court Interpreter's Act, 28 U.S.C. § 1827, by permitting the jury to access Government Exhibit 6-B, which contained foreign language evidence with no available English translation, via a laptop. Tapia's argument

fails because she not only failed to move for a translation of Exhibit 6-B or challenge the admission of Exhibit 6-B's non-English portions as violating the Court Interpreter's Act, but also encouraged the jury to consider Exhibit 6-B in its entirety. *See United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007) ("The law is well established that if, as a tactical matter, a party raises no objection to a purported error, such inaction constitutes a true 'waiver' which will negate even plain error review." (internal quotation marks omitted)).

Finally, Tapia contends that she was prejudiced by the district court's jury instruction as to the assessment of credibility of witnesses with an interest in the outcome of the case, arguing that she was the sole witness to testify at trial with such an interest. Tapia failed to object to the interested witness jury charge below, so we review for plain error. *See* Fed. R. Crim. P. 52(b).

We conclude that the district court's interested witness charge did not constitute plain error. While this Court has held that a district court cannot explicitly charge a jury that "a testifying defendant's personal interest in the outcome of a trial supplies a motive to lie," *United States v. Mehta*, 919 F.3d 175, 182 (2d Cir. 2019), the jury instructions here did not refer to Tapia specifically, only to witnesses generally. Further, because multiple government officers who arrested Tapia and collected or analyzed evidence testified at trial, Tapia was not the sole testifying witness with an interest in the outcome of the case. *See United States v. Gaines*, 457 F.3d 238, 249 n.9 (2d Cir. 2006) ("Though it may pale in degree when compared to a defendant's, arresting officers have an indisputable interest in the outcome of cases they testify in.").

We have considered the remainder of Tapia's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk